## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **SANDRA BASS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | |
| | § | |
| **ASHFORD CRYSTAL GATEWAY,** | § | **Civil Action No. 3:20-cv-3547** |
| **L.P. d/b/a CRYSTAL GATEWAY** | § | |
| **MARRIOTT HOTEL,** | § | |
| **ASHFORD HOSPITALITY TRUST,** | § | |
| **INC., and** | § | |
| **MARRIOTT HOTEL SERVICES, INC.** | § | |
| | § | |
| **Defendants.** | § | |

### NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Pursuant to 28 U.S.C. § 1441, defendants Ashford Crystal Gateway LP (improperly sued as Ashford Crystal Gateway LP d/b/a Crystal Gateway Marriott Hotel), Ashford Hospitality Trust, Inc. and Marriott Hotel Services, Inc., by counsel, hereby remove this action from the 160th Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division.  Removal is proper because this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. In support thereof, defendants state as follows:

### I.     INTRODUCTION AND FACTUAL BACKGROUND

This lawsuit arises from an alleged trip-and-fall incident occurring at the Crystal Gateway Marriott hotel in Arlington, Virginia (the "Hotel"), where plaintiff Sandra Bass was a guest, attending a work-related conference.

A. **The Parties**

1. Plaintiff Sandra Bass is a resident of Texas.

2. Defendant Ashford Crystal Gateway LP is the owner in fee simple of the land and improvements comprising the Hotel, however, it did not operate, manage or exercise control over the premises. **Exhibit A**, DECL. OF ELIZABETH LLOYD at ¶ 5 [Dkt. 1-2].

3. The Hotel was operated by defendant Marriott Hotel Services, Inc. pursuant to a Management Agreement.   Pursuant pertinent provisions of the Management Agreement, *"[t]he operation of the Hotel shall be under the exclusive supervision and control of [Marriott Hotel Services, Inc.] …" and "[Marriott Hotel Services] shall have discretion and control in all matters relating to management and operation of the Hotel, free from interference, interruption or disturbance…". Id. at* ¶ 9 [Dkt. 1-2] (emphasis added). Pursuant to the Management Agreement, "matters relating to management and operation of the Hotel" include, but are not limited to:

   - Acting as a reasonable and prudent operator of the Hotel;

   - Establishing employment policies, and recruiting, employing, supervising, directing and discharging employees at the Hotel;

   - Planning, executing, and supervising routine maintenance, repairs, minor alterations, and maintaining the Hotel in good repair and condition;

   - Purchasing supplies and services; and

   - Planning, scheduling, executing, and supervising repairs, maintenance and furniture, fixtures, and equipment ("FF&E") purchases at the Hotel.

   *Id. at* ¶ 9 [Dkt. 1-2] (emphasis added).

4. Defendant Ashford Hospitality Trust, Inc. is a publicly-traded real estate investment trust ("REIT") and the parent company, three times removed, of Ashford Crystal

-2-

Gateway LP.  Ashford Hospitality Trust, Inc. did not own the Hotel nor did it operate, manage or exercise control over the premises.  *Id*. at ¶6.

**B.  Factual Background**

5.  This action was commenced by plaintiff Sandra Bass ("plaintiff" or "Bass") by filing a Petition on September 24, 2020 in the 160th Judicial District Court of Dallas County, Texas as Case No. DC-20-14036 (the "State Court Action") against defendants Ashford Crystal Gateway LP and Ashford Hospitality Trust, Inc. A copy of the Petition that initiated the State Court Action is attached hereto as **Exhibit B** [Dkt. 1-3].

6.  On November 3, 2020, plaintiff filed an Amended Petition, naming Marriott Hotel Services, Inc. as a defendant. A copy of plaintiff's First Amended Petition, the live pleading in the State Court Action, is attached hereto as **Exhibit C** [Dkt. 1-4].

7.  Plaintiff Bass alleges while walking in a corridor towards the Hotel's conference rooms, she tripped and fell on a rubber, carpet transition strip, sustaining injuries.  *Id*. at ¶¶ 12-13.  Plaintiff contends the rubber transition strip was a dangerous condition, which defendants deny.

8.  Plaintiff's First Amended Petition, asserts four causes of action: negligence, gross negligence, premise liability, and *respondeat superior*. Plaintiff seeks damages in the form of past and future medical expenses; past and future lost earnings; past and future pain and suffering; past and future mental anguish; and past and future impairment.  *Id*. at ¶ 49.  Plaintiff also seeks exemplary damages as a result of defendants' alleged gross negligence.  *Id*. at ¶¶ 27, 46.  Plaintiff's First Amended Petition asserts that plaintiff is seeking monetary relief of more than two hundred thousand dollars ($200,000.00) but

less than one million [dollars] ($1,000,000.00). *Id.* at ¶ 2. Defendants believe plaintiff's claims are without merit.

9. This Notice of Removal is being filed within thirty (30) days of receipt of a copy of Plaintiff's amended pleading from which it was first ascertained that this case has become removable and within one (1) year of the action's commencement date, making the action timely removed pursuant to 28 U.S.C. § 1446(b)(3), (c)(1).

## II.    GROUNDS FOR REMOVAL

10. As set forth more fully below, this Court has subject matter jurisdiction under 28 U.S.C. § 1332, which confers original jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between … citizens of different States." 28 U.S.C. § 1332(a)(1).

11. The claims pled are based upon Texas law. Diversity jurisdiction exists because defendants Ashford Crystal Gateway LP and Ashford Hospitality Trust, Inc., citizens of Texas and Maryland, have been improperly joined or are nominal parties and the amount in controversy exceeds the $75,000.00 threshold.

## III.    DIVERSITY JURISDICTION

12. Removal of this action is proper under 28 U.S.C. §§ 1332(a) and 1441(b) because: (A) there is complete diversity between the real parties in interest, Sandra Bass and Marriott Hotel Services, Inc.; (B) defendants Ashford Crystal Gateway LP and Ashford Hospitality Trust, Inc., at the time of the incident, neither possessed nor exercised control over the subject premises and therefore, are improperly joined or are nominal parties, which makes their citizenship irrelevant for the purposes of determining diversity, and (C) the amount in controversy exceeds $75,000.00.

A. **There is Complete Diversity Between the Relevant Parties**.

13. The citizenship status of the real parties in interest is completely diverse.

     (1)     **Plaintiff Sandra Bass is a Citizen of Texas.**

14. Citizenship of a natural person is determined by his or her domicile. *Gilbert v. David*, 235 U.S. 561, 569, 35 S. Ct. 164, 59 L. Ed. 360 (1915) ("If the plaintiff was domiciled in the state of Michigan when this suit was begun, he was a citizen of that state within the meaning of the Judicial Code." (citing *Morris v. Gilmer*, 129 U.S. 315, 328-29, 9 S. Ct. 289, 32 L. Ed. 690 (1889); *Williamson v. Osenton*, 232 U.S. 619, 624, 34 S. Ct. 442, 58 L. Ed. 758 (1914)). "Evidence of a person's place of residence" serves as "prima facie proof of his domicile," *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (per curiam) (citing *Preston v. Tenet Healthsystem Mem. Med. Ctr.*, 485 F.3d 793, 799 (5th Cir. 2007).  However,

> [i]n determining a party's domicile, the Court must address a variety of factors including the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family.

*Dulfer v. Seton Healthcare, Inc.*, No. A-11-CV-911-LY, 2012 U.S. Dist. LEXIS 17581, 2012 WL 6212833, at *2 (W.D. Tex. Dec. 13, 2012) and *Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996).

15. Upon information and belief, Bass is a citizen of the State of Texas. FIRST AM. PET. at ¶ 3. Further, following a diligent search of public records, defendants additionally state plaintiff Sandra Bass owns real property, pays taxes, and maintains a home in the State of Texas.  Sandra Bass maintains a Texas driver's license, owns a vehicle registered with the Texas Department of Motor Vehicles and is registered to vote in the State of

Texas.  Upon information and belief, Sandra Bass is currently employed by Lockheed Martin Missile & Space Control in Grand Prairie, Texas.  Defendants are not aware of any residency, citizenship, or domiciliary by plaintiff in either Maryland or Delaware. Because plaintiff resides in Texas, owns property in Texas, is registered to vote, and works in Texas, plaintiff is a citizen of Texas.

**(2)** **Marriott Hotel Services, Inc. the Real Party in Interest, is a Citizen of Delaware and Maryland**.

16.  The citizenship of a corporation is determined by any state in which the corporation is incorporated or has its principal place of business. 28 U.S.C. § 1332(c)(1).

17. Marriott Hotel Services, Inc. is a business corporation, incorporated under the laws of the State of Delaware with its principal place of business in Bethesda, Maryland. Accordingly, Marriott Hotel Services, Inc. is a citizen of the States of Delaware and Maryland for the purposes of jurisdictional analysis.

18. In this action, complete diversity exists between the real parties in interest plaintiff (Texas) and Marriott Hotel Services, Inc. (Delaware and Maryland).

**B. Ashford Crystal Gateway LP and Ashford Hospitality Trust, Inc., Citizens of Texas and Maryland, Have Been Improperly Joined or are Nominal Parties.**

19. For purposes of diversity, the citizenship of a limited partnership is determined by considering the citizenship of all of its partners, both general and limited.  *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96, 108 L. Ed. 2d 157, 110 S. Ct. 1015 (1990). "For purposes of federal diversity jurisdiction, the partnership itself is considered a citizen of every state of which a general or a limited partner is a citizen." *Id.*

- Defendant Ashford Crystal Gateway LP is a Delaware limited partnership with two partners: (1) Ashford Crystal Gateway GP LLC, a limited liability company, and (2) Ashford Hospitality Limited Partnership.

- The sole member of Ashford Crystal Gateway GP LLC is Ashford Hospitality Limited Partnership.

- Ashford Hospitality Limited Partnership has two partners: Ashford OP Limited Partner LLC and Ashford OP General Partner LLC.

- The sole member of Ashford OP Limited Partner LLC is Ashford Hospitality Trust, Inc., a Maryland corporation with its principal place of business in Dallas, Texas.

- Similarly, the sole member of Ashford OP General Partner LLC is Ashford Hospitality Trust, Inc., a citizen of Maryland and Texas.

    Accordingly, for the purposes of jurisdictional analysis, defendant Ashford Crystal Gateway LP is a citizen of Maryland and Texas.

20. Defendant Ashford Hospitality Trust, Inc., as noted, is a Maryland corporation with its principal place of business in Dallas, Texas.  Therefore, Ashford Hospitality Trust, Inc. is a citizen of Maryland and Texas.

21. The improper joinder of a defendant who is a citizen of the forum state or to defeat diversity cannot prevent removal. *See Illinois C. R. Co. v. Sheegog*, 215 U.S. 308, 316, 30 S. Ct. 101, 54 L. Ed. 208 (1909); *see also Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996).

22. In order to satisfy the improper joinder exception, the removing party must demonstrate "that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *B., Inc. v. Miller Brewing Co.*, 663 F.2d

545, 549 (5th Cir. 1981). Generally, a district court engages in "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id*. But in cases "in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id*. Such an inquiry "is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."

23. Based upon the facts alleged by Plaintiff and evidence submitted by Defendants herein, there is no possibility that a Texas state court might find that a valid claim has been stated against Ashford Crystal Gateway LP and Ashford Hospitality Trust, Inc.

    **(1)**    <u>**Plaintiff's Allegations**</u>

24. In her State Court First Amended Petition, plaintiff claims that defendant Ashford Hospitality Trust, Inc. is the parent corporation of Ashford Crystal Gateway LP. PLF.'S FIRST. AM. PET. at ¶ 5 [DKT. 1-4].

25. Plaintiff further alleges that Ashford Crystal Gateway LP and Ashford Hospitality Trust, Inc. owned the Hotel. [1] *Id.* at ¶ 10 ("At all times pertinent hereto, the property located at 1700 Richmond Highway, Arlington, Virginia 22202 ("the Property") was owned by Defendants Ashford Crystal Gateway LP d/b/a Crystal Gateway Marriott Hotel and Ashford Hospitality Trust, Inc.").

26. Plaintiff's First Amended Petition contains a fragmented sentence that appears to allege the Hotel was operated and managed by defendant Marriott Hotel Services, Inc. *Id*.

---

[1] As previously noted, Ashford Crystal Gateway LP does not do business as the "Crystal Gateway Marriott Hotel". Similarly, Ashford Hospitality Trust, Inc., a publicly-traded real estate investment trust, does not own the Hotel.

("Moreover, upon information and belief, Defendant Marriott Hotel Services, Inc., may have been operated and managed [sic]").  Defendant Marriott Hotel Services, Inc. acknowledges it presently, and at the time of the incident alleged in plaintiff's First Amended Petition, managed and operated the Hotel pursuant to the Management Agreement.

27. Plaintiff's First Amended Petition asserts global allegations against all defendants alleging generally, as "owners and/or operators" of the Hotel, defendants breached certain duties owed to the plaintiff. *See e.g.,* PLTF.'S FIRST. AM. PET. at ¶¶ 16-17; 21-22; 27-28; 37, and 46).  However, as set forth in greater detail below, merely asserting a party is an owner of a premises, under Texas law, fails to establish a cause of action for negligence or premises liability.

### (2)    Parent Company, Ashford Hospitality Trust, Inc., is Not Liable for the Alleged Torts of its Subsidiary, Ashford Crystal Gateway LP.

28. Ashford Hospitality Trust, Inc. is a publicly-traded real estate investment trust and a separate business entity from Ashford Crystal Gateway LP. **Exhibit A**, DECL. OF ELIZABETH LLOYD at ¶ 6 [Dkt. 1-2]. *See also Hohenstein v. Behringer Harvard Reit, Inc.,* No. 3:12-CV-3772-G, 2012 U.S. Dist. LEXIS 180013 *2 (N.D. Tex. Dec. 20, 2012)(Real estate investment trusts are investment vehicles that use the aggregated funds of individual investors to buy income producing real estate properties and distribute the income to those investors).  Ashford Hospitality Trust, Inc. did not own or operate the Hotel.  **Exhibit A**, DECL. OF ELIZABETH LLOYD at ¶ 6 [Dkt. 1-2]. Ashford Hospitality Trust, Inc. is merely the parent company of Ashford Crystal Gateway LP and a citizen of the State of Texas for diversity purposes.  Accordingly, Ashford

Hospitality Trust, Inc. appears to have been only named a defendant in this action to defeat diversity jurisdiction.

29. Texas law presumes that separate corporations are distinct entities. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 798 (Tex. 2002). A parent company is generally not liable for tortious acts committed by its subsidiaries. *See United States v. Bestfoods*, 524 U.S. 51, 61, 118 S. Ct. 1876, 141 L. Ed. 2d 43 (1998); *Bridas S.A.P.I.C. v. Gov't of Turkmenistan*, 447 F.3d 411, 416 (5th Cir. 2006) ("A bedrock principle of corporate law is that 'a parent corporation ... is not liable' for actions taken by its subsidiaries."); *Seminole Pipeline Co. v. Broad Leaf Partners, Inc.*, 979 S.W.2d 730, 739 (Tex. App.—Houston [14th Dist.] 1998, no pet.).

30. Accordingly, to hold Ashford Hospitality Trust, Inc. liable for Ashford Crystal Gateway LP's alleged actions, plaintiff must plead, which she has not, some equitable doctrine that justifies disregarding the separate existence of the corporations. *Teemac v. Frito-Lay, Inc.*, No. 3:14-cv-2908-G-BF, 2015 U.S. Dist. LEXIS 92500 * 13-14 (N.D. Tex. June 29, 2015); *North Cypress Medical Center Operating Co. Ltd v. FedEx Corp.*, 892 F. Supp. 2d 861, 865 (S.D. Tex. 2012) (dismissing claims against parent corporation finding "FedEx cannot be held liable for the torts committed by its subsidiary Federal Express merely because of the corporate relationship.").

31. Because there is no possibility that plaintiff can establish a cause of action against Ashford Hospitality Trust, Inc., defendants have demonstrated that Ashford Hospitality Trust, Inc. has been improperly joined and therefore, its citizenship should be disregarded.

**(3)** **Ashford Hospitality Trust, Inc. and Ashford Crystal Gateway LP Did Not Exercise Actual Control or the Right to Control the Management and Operation of the Hotel**.

32. Under Texas premises liability law, in order to be held liable as an owner, a party must be in control of the premises. *Butcher v. Scott*, 906 S.W.2d 14, 15 (Tex. 1995); *Exxon Corp. v. Tidwell*, 867 S.W.2d 19, 23 (Tex. 1993). It is black letter law that before liability can be imposed, a plaintiff must establish that the defendant had control and responsibility for the premises. *County of Cameron v. Brown*, 80 S.W.3d 549, 556 (Tex. 2002). Generally, an owner of a premises is not liable for a tort committed by and under the control of an independent contractor. *Ross v. Texas One Partnership*, 796 S.W.2d 206, 210 (Tex. App.—Dallas 1990), writ denied per curiam, 806 S.W.2d 222 (Tex. 1991).

33. Where, as here, a hotel management agreement provides for an independent contractor relationship, as opposed to an agency relationship, evidence must be produced to show that despite the contractual terms, the true relationship between the parties gave the principal a right of control. *Newspapers, Inc. v. Love*, 380 S.W.2d 582, 592 (Tex. 1964). Plaintiff's First Amended Petition pleads no such facts.

34. Without pleading any specific allegations that acts of Ashford Hospitality Trust, Inc. and Ashford Crystal Gateway LP fell below a standard of reasonable care, plaintiff globally asserts that Ashford Hospitality Trust, Inc. and Ashford Crystal Gateway LP, breached duties of care owed to the plaintiff. *See id.* at ¶¶ 10, 15, 16, 21, and 37. However, plaintiff has failed to offer any specific factual allegation that, after entering into the Management Agreement, which placed "the operation of the Hotel under the exclusive supervision and control of [Marriott Hotel Services, Inc.]," Ashford

Hospitality Trust, Inc. and Ashford Crystal Gateway LP continued to control the premises or had a right to control the premises.  *See* **Exhibit A**, Decl. of Elizabeth Lloyd at ¶ 8 [Dkt. 1-2].

35. Here, as previously noted, Ashford Hospitality Trust, Inc. did not own the premises made the basis of this litigation.  *Id*. at ¶ 6. Further, at the time of the incident, neither Ashford Hospitality Trust, Inc. nor Ashford Crystal Gateway LP supervised, directed or controlled the management or operation of the Hotel nor did they have a right to supervise, direct, control, manage, or operate the Hotel's day-to-day operations.  *Id*. at ¶¶ 11, 12. At the time of the incident, neither Ashford Hospitality Trust, Inc. nor Ashford Crystal Gateway LP had a right to supervise, direct or control staff of the Hotel, or make routine maintenance or repairs at the Hotel.  *Id*. at ¶ 12.  Stated more specifically, neither Ashford Hospitality Trust, Inc. nor Ashford Crystal Gateway LP exercised control over, or had the right to control, any aspect of the management and operation of the Hotel, including inspecting or making repairs to the flooring area where the incident allegedly occurred, and warning guests and visitors against alleged trip hazards to the flooring area where the incident is claimed to have occurred.  *Id*.

36. Accordingly, because the Texas defendants Ashford Hospitality Trust, Inc. and Ashford Crystal Gateway LP did not exercise control over any aspect of the management and operation of the Hotel related to inspecting for trip hazards, mitigating trip hazards, or warning of trip hazards, there is no possibility that a Texas state court might find that a valid claim has been stated against Ashford Crystal Gateway LP and Ashford Hospitality Trust, Inc. *Butcher*, 906 S.W.2d at 15; *Exxon Corp.*, 867 S.W.2d at 23; *County of Cameron*, 80 S.W.3d at 556.

**C.  The Amount in Controversy is Greater Than $75,000.00**.

37. In order to determine whether jurisdiction is present in a removed action, the claims set forth in the State Court petition are considered as of the date of removal.  *See Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 391, 118 S. Ct. 2407, 141 L. Ed.2d 364 (1998). The amount in controversy "demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."  28 U.S.C. § 1446 (c)(2).  Texas law does not require plaintiffs to demand a specific monetary amount. Rather, plaintiffs must set forth a claim for relief falling within one of five prescribed categories of monetary relief.  *See* TEX. R. CIV. P. 47.

38. Therefore, where the petition does not include a specific monetary demand, the removing party must establish, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00.  *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).  This requirement is met if: (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000.00, or, alternatively, (2) the defendant sets forth "summary judgment type evidence" of facts in controversy that support a finding of the requisite amount.  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

39. In the case at bar, it is apparent from the face of plaintiff's First Amended Petition that the amount in controversy exceeds $75,000.00.  Plaintiff's Rule 47 disclosure of monetary relief states, "Plaintiff seeks monetary relief over $200,000.00 but less than $1,000,000.00. Tex. R. Civ. P." [Dkt. 1-4 at ¶ 2].  This category of monetary relief necessarily exceeds the amount in controversy requirement.  Therefore, plaintiff's First Amended Petition makes it apparent that the amount in controversy exceeds the

statutory minimum.  *See Thelander v. Equifax Info. Servs., LLC*, No. 3:14-CV-02650-P at *8 (N.D. Tex. Dec. 18, 2014).  Because the amount in controversy exceeds $75,000.00, removal on the basis of diversity should be allowed pursuant to 28 U.S.C. § 1441(b).

**D.**      **All Other Prerequisites for Removal Are Satisfied.**

40. This Notice of Removal is timely filed.  The relevant statute provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446 (b)(3).

41. The State Court Action was filed in Dallas County, Texas on September 24, 2020. On November 3, 2020, plaintiff filed her first Amended Petition, naming diverse defendant Marriott Hotel Services, Inc. [Dkt. 1-4]. Defendant Marriott Hotel Services, Inc. was served with process on November 10, 2020 [Dkt. 1-18].  Accordingly, this action is properly and timely removed to the United States District Court for the Northern District of Texas, Dallas Division, which is "the district and division embracing the place where [the state court] action is pending." 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 124(a)(1) (listing the counties within the Dallas Division of the Northern District of Texas).

42. All defendants who have been served with process jointly file and consent to this Notice of Removal.

43. Title 28 U.S.C. § 1446(a), requires a copy of all process, pleadings, and orders served upon the removing defendant in the State Court Action (Cause No. DC-20-14036) to

be included with this Notice of Removal.  Defendants have attached the following papers as exhibits hereto:

(1)     Plaintiff's Original Petition [Dkt. 1-3];

(2)     Plaintiff's First Amended Petition [Dkt. 1-4];

(3)     Jury Demand [Dkt. 1-8];

(4)     Citation for Ashford Crystal Gateway LP [Dkt. 1-9];

(5)     Citation for Ashford Hospitality Trust, Inc. [Dkt. 1-10];

(6)     Return of Citation for Ashford Crystal Gateway LP [Dkt. 1-11];

(7)     Return of Citation for Ashford Hospitality Trust, Inc. [Dkt. 1-12];

(8)     Notice of Dismissal Hearing [Dkt. 1-13];

(9)     Answer, Special Exceptions, Affirmative Defenses and Request for Disclosure of Defendants Ashford Crystal Gateway LP and Ashford Hospitality Trust, Inc. [Dkt. 1-14];

(10)    Notice of Scheduling Conference (to plaintiff's counsel) [Dkt. 1-15];

(11)    Notice of Scheduling Conference (to defendants' counsel) [Dkt. 1-16];

(12)    Citation for Marriott Hotel Services, Inc. [Dkt. 1-17];

(13)    Return of Citation for Marriott Hotel Services, Inc. [Dkt. 1-18]; and

(14)    Notice of Filing Notice of Removal [Dkt. 1-19].

44. Pursuant to 28 U.S.C. § 1446(d), a Notice to Adverse Party of Notice of Removal, attached hereto as [Dkt. 1-19], together with this Notice of Removal and all exhibits attached hereto, will be promptly served on counsel for plaintiff and filed with the Dallas County District Clerk.

45. The filing fee has been paid to the United States District Court Clerk.

46. This Notice of Removal is filed subject to and without waiver of any defenses or objections to plaintiff's First Amended Petition as allowed by the Federal Rules of Civil Procedure or by any applicable law.  By filing this Notice of Removal, defendants do not waive, and specifically reserve the right to assert any defenses and/or objections which defendants may be qualified to assert.  Defendants reserve the right to amend or supplement this Notice of Removal. Defendants further reserve the right to answer or present other defenses or objections afforded under the Federal Rules of Civil Procedure within seven (7) days pursuant to FED. R. CIV. P. 81(c)(2)(C).

If any question arises as to the propriety of the removal of this action, defendants respectfully request the opportunity to conduct discovery, submit briefing, and make oral argument in support of its position that subject matter jurisdiction exists due to the improper joinder of defendants Ashford Crystal Gateway LP and Ashford Hospitality Trust, Inc.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, defendants Ashford Crystal Gateway LP (improperly sued as Ashford Crystal Gateway LP d/b/a Crystal Gateway Marriott Hotel), Ashford Hospitality Trust, Inc. and Marriott Hotel Services, Inc. pray that this Honorable Court sustain removal of this action from the 160th Judicial District Court of Dallas County, Texas and for all other relief to which defendants may be justly entitled.

JURY TRIAL DEMANDED.

Respectfully submitted,

**MONTEJANO LAW FIRM, PLLC**

By:_____
JACQUELINE MONTEJANO
State Bar No. 24027402
Jackie@MontejanoLaw.com
3131 McKinney Ave. Suite 600
Dallas, Texas 75204
214-919-7791 (direct)
877-545-8990 (main)
877-545-8989 (fax)
**ATTORNEY FOR DEFENDANTS
ASHFORD CRYSTAL GATEWAY LP
ASHFORD HOSPITALITY TRUST, INC. and
MARRIOTT HOTEL SERVICES, INC.**

## CERTIFICATE OF SERVICE

On December 2, 2020, the foregoing document was electronically submitted with the clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).


 *s/ Jacqueline Montejano*
Jacqueline Montejano