# Exhibit C

1 CIT ESERVE

Case 3:20-cv-03547-L   Document 1-4   Filed 12/02/20   Page 2 of 12   PageID 38

FILED
11/3/2020 3:04 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Daniel Macias DEPUTY

NO. DC-20-14036

| | | |
|---|---|---|
| **SANDRA BASS** | § | IN THE DISTRICT COURT |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| V. | § | 160TH JUDICIAL DISTRICT |
| | § | |
| | § | |
| **ASHFORD CRYSTAL GATEWAY** | § | |
| **LP. d/b/a CRYSTAL GATEWAY** | § | |
| **MARRIOTT HOTEL, ASHFORD** | § | |
| **HOSPITALITY TRUST, INC., AND** | § | |
| **MARRIOTT HOTEL SERVICES,** | § | |
| **INC.** | § | OF DALLAS COUNTY, TEXAS |
| **Defendants.** | § | |

## PLAINTIFF'S FIRST AMENDED PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Sandra Bass (hereinafter "Plaintiff"), complaining of and about, Ashford Crystal Gateway LP d/b/a Crystal Gateway Marriott Hotel, Ashford Hospitality Trust, Inc., and Marriott Hotel Services, Inc. (hereinafter "Defendants"), and for cause of action would show unto the Court the following:

### DISCOVERY-CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3 and affirmatively pleads that this suit is not governed by the expedited actions process in Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief over $100,000.00.

### RELIEF

2. Plaintiff seeks monetary relief over $200,000.00 but less than $1,000,000.00. Tex. R. Civ. P. 47(c)(4).

## PARTIES

3. Plaintiff, Sandra Bass, is an individual, residing in Dallas County at 4545 Paddington Lane, Grand Prairie, Texas 75052.

4. Defendant, Ashford Crystal Gateway LP d/b/a Crystal Gateway Marriott Hotel, is a limited partnership that is a subsidiary wholly owned by Ashford Hospitality Trust, Inc., and may be served with process by serving Defendant's registered agent Corporation Service Company at 100 Shockoe Slip Fl 2, Richmond, Virginia 23219.

5. Defendant, Ashford Hospitality Trust, Inc., is a foreign for-profit corporation that is present and doing business in Texas and is the parent company wholly owning the subsidiary, Ashford Crystal Gateway LP d/b/a Crystal Gateway Marriott Hotel. Defendant may be served via its registered agent Corporation Service Company d/b/a/ CSC – Lawyers Incorporating Service Company located at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

6. Defendant, Marriott Hotel Services, Inc., is a Delaware corporation that is present and doing business in the State of Texas. Marriott Hotel Services, Inc., may be served with process by serving Defendant's registered agent CT Corporation System, 1999 Bryan Street, Ste. 900, Dallas, Texas 75201.

## JURISDICTION

7. The subject matter in controversy is within the jurisdictional limits of this Court. This Court has jurisdiction over the parties because Defendant Ashford Hospitality Trust, Inc., is a foreign for-profit corporation headquartered and doing business in Texas thereby purposefully availing themselves to conduct business in the State of Texas. Additionally, Defendant Ashford Hospitality Trust, Inc., is a Texas resident. Defendant Marriott Hotel Services, Inc., is a business who has purposefully availed themselves to conduct business in the State of Texas.

8. This Court also has jurisdiction over the parties because Defendant Ashford Crystal Gateway LP d/b/a Crystal Gateway Marriott Hotel, is a limited partnership with its principal place of business in Dallas County, Texas. Additionally, Defendant Ashford Crystal Gateway LP d/b/a Crystal Gateway Marriott Hotel is a Texas resident.

## VENUE

9. Venue in Dallas County is proper in this cause because Defendants' principal place of business and/or headquarters is located in Dallas County, Texas.

## FACTS

10. At all times pertinent hereto, the property located at 1700 Richmond Highway, Arlington, Virginia 22202 ("the Property"), was owned by Defendants, Ashford Crystal Gateway LP d/b/a Crystal Gateway Marriott Hotel and Ashford Hospitality Trust, Inc. Moreover, upon information and belief, Defendant Marriott Hotel Services, Inc., may have been operated and managed

11. Plaintiff, Sandra Bass, entered upon said premises as a customer of Defendants.

12. During the time that Ms. Bass was upon Defendant's property, Ms. Bass was seriously injured as a result of a dangerous condition on the premises in that the carpeting in the banquet area for the conference room had two unlevel sections of carpet and a rubber strip that was raised off of the ground without any warning or mark indicating the unlevel and raised portion.

13. Ms. Bass walked through the conference room area without knowledge that the carpet was unlevel. Ms. Bass tripped on the unlevel carpet and rubber strip and unfortunately, Ms. Bass suffered severe injuries to her feet, ankle, and knee as a result of the fall.

14. Ms. Bass's bodily injuries occurred as a direct result of a fall that was proximately caused by the dangerous condition described above, which Defendant knew or, in the exercise of

ordinary care, should have known existed.

## LIABILITY OF DEFENDANTS

15. At all times mentioned herein, Defendants either owned, operated, or managed the property in question, located at 1700 Richmond Highway, Arlington, Virginia 22202.

16. At all times mentioned herein, Defendant Ashford Crystal Gateway LP d/b/a Crystal Gateway Marriott Hotel, Ashford Hospitality Trust, Inc., and/or Marriott Hotel Services, Inc., had such control over the premises in question that Defendants owed certain duties to Plaintiff, the breach of which proximately caused the injuries set forth herein.

17. Defendants, Defendants' agents, servants, and employees negligently permitted the unlevel portion of the carpeting and rubber strip in the store to remain unmarked, negligently or willfully allowed such condition to continue and negligently or willfully failed to warn Plaintiff of the condition of the floor. This condition existed despite the fact that Defendants or Defendants' agents knew or should have known of the existence of the aforementioned condition and that there was likelihood of a person being injured as occurred to Plaintiff.

18. Furthermore, Plaintiff would show the court that the condition of the floor had continued for such period that, had Defendants or Defendants' agents exercised ordinary care in the maintenance of the floor surface area, it would have been noticed and corrected by such persons.

19. At all times pertinent herein, Defendants and/or any of Defendants' agents, who were acting in the scope of their employment, were guilty of negligent conduct towards the Plaintiff in:

   A. Failing to properly inspect and maintain the flooring area in question to discover the dangerous condition;

  B. Failing to maintain the floor in a reasonably safe condition;

  C. Failing to give adequate and understandable warnings to Plaintiff of the unsafe condition of the flooring area;

  D. Failing to give warnings to Plaintiff of the unsafe condition; and

## NEGLIGENCE CLAIM AGAINST DEFENDANTS

20. Plaintiff incorporates by reference and re-alleges paragraphs above the same as if set out at length.

21. At all times material hereto, Defendants were the owners and/or in control of the premises located at 1700 Richmond Highway, Arlington, Virginia 22202.

22. Defendants owed Plaintiff a duty to exercise ordinary care to keep the premises in reasonably safe condition and repair any defects or give an adequate warning of any dangers.

23. Defendants breached the duty to Plaintiff by negligently permitting the broken and unlevel concrete path leading into the storefront to remain on its property unmarked.

24. Defendants' breach of duty proximately caused injury to Plaintiff, which resulted in the following damages: reasonable and necessary medical expenses; physical impairment; physical pain and suffering; mental anguish; physical disfigurement; loss of earning capacity and lost wages.

25. Plaintiff seeks damages within the jurisdictional limits of this Court.

## GROSS NEGLIGENCE CLAIM AGAINST DEFENDANTS

26. Plaintiff incorporates by reference and re-alleges paragraphs above the same as if set out at length.

27. Plaintiff's injuries resulted from Defendants' gross negligence, which entitles Plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

28.     Defendants owed a legal duty to Plaintiff to exercise reasonable care to avoid foreseeable risk of injury to others. As a premise open to the public, Defendants had the duty to ensure that flooring within public areas of the Premises were free of potentially dangerous conditions. A reasonable entity would not have permitted or willfully allowed a unlevel portion of carpeting and rubber stripping to remain on its property without a warning. Here, as a reasonable entity, Defendants had a duty to cure or warn against any and all potentially dangerous conditions before any public invitee had an opportunity to encounter such conditions.

29.     Defendants' conduct, and that of its agents, constituted gross negligence, in that it demonstrated an entire want of care that tends to show Defendants' conscious indifference to the welfare of persons who might come upon the property. Specifically, Defendants created an extreme risk of harm by failing to warn Plaintiff of the aforementioned dangerous condition. Defendant had both actual and constructive knowledge of the extreme risk of harm. Each of these acts and omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages that are described below.

30.     Plaintiff seeks damages within the jurisdictional limits of this Court.

## VICARIOUS LIABILITY – RESPONDEAT SUPERIOR
## CLAIM AGAINST DEFENDANTS

31.     Plaintiff incorporates by reference and re-alleges paragraphs above the same as if set out at length.

32.     Defendants are liable for the acts and omissions of their employees while in the course and scope of their employment under the theory of respondeat superior. On the occasion in question, Defendants' employees were negligent by permitting the unlevel carpeting and rubber stripping to remain without any warning to customers or markings to show unlevel surface.

33. This act and omission, singularly or in combination with others, constituted negligence, negligence per se, and gross negligence, which proximately caused the injuries which Plaintiff suffered.

34. At all times relevant hereto, Defendants' employees were acting in the course and scope of their employment. As such, Defendants are liable for the negligence of their employees on the occasion in question.

35. Plaintiff seeks damages within the jurisdictional limits of this Court.

## PREMISES CLAIM AGAINST DEFENDANTS

36. Plaintiff incorporates by reference and re-alleges paragraphs above the same as if set out at length.

37. Defendants were the owners and/or in control of the premises located at 1700 Richmond Highway, Arlington, Virginia 22202.

38. Plaintiff entered Defendants' premises in response to Defendants' invitation and for their mutual benefit and as such, Plaintiff was an invitee.

39. A condition of Defendants' premises posed an unreasonable risk of harm. Namely, that there was unlevel portions of carpeting and rubber stripping on the Premises that posed a tripping hazard. This posed an inherent risk to Plaintiff and was unreasonably dangerous.

40. Defendants knew or reasonably should have known that it created a dangerous condition on the premises.

41. Plaintiff was unaware of the dangerous condition as Defendants failed to warn Plaintiff of the danger.

42. Defendants breached the duty of ordinary care by neither adequately warning Plaintiff of the condition nor making the condition reasonably safe. Defendants breached the duty

of ordinary care by:

    A. Failing to warn Plaintiff and others of the dangerous condition; and

    B. Failing to remedy or make safe the dangerous condition.

43. Defendants' breach of duty proximately caused injury to Plaintiff.

44. Plaintiff seeks damages within the jurisdictional limits of this Court.

## EXEMPLARY DAMAGES

45. Plaintiff incorporates by reference and re-alleges paragraphs above the same as if set out at length.

46. Defendants' acts or omissions described above, when viewed from the standpoint of Defendants at the time of the acts or omissions, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Defendants had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

47. Based on the facts stated herein, Plaintiff requests exemplary damages be awarded to Plaintiff from Defendants.

## DAMAGES FOR PLAINTIFF, SANDRA BASS

48. Plaintiff incorporates by reference and re-alleges paragraphs above the same as if set out at length.

49. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Sandra Bass, was caused to suffer personal injuries, past and future medical expenses, past and future pain and suffering, loss of earning capacity, lost earnings in the past and future mental anguish, and to incur the following damages:

    A. Reasonable medical care and expenses in the past. These expenses were

incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Richmond County, Virginia and Dallas County, Texas and contiguous counties;

B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C. Physical pain and suffering in the past;

D. Physical pain and suffering in the future;

E. Physical impairment in the past;

F. Physical impairment which, in all reasonable probability, will be suffered in the future;

G. Loss of earning capacity;

H. Loss of earnings in the past;

I. Loss of earnings in the future;

J. Mental anguish in the past; and

K. Mental anguish in the future.

50. By reason of the above, Plaintiff, Sandra Bass, suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## REQUEST FOR DISCLOSURE

51. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that Defendants disclose within 50 days of the service of this request, the information or materials described within Rule 194.2.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Sandra Bass, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; exemplary damages, excluding interest, and as allowed by Sec. 41.008, Chapter 41, Texas Civil Practice and Remedies Code; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By: _/s/ James M. Murrell_____
Jim R. Ross
State Bar No. 24010362
James M. Murrell
State Bar No. 24097028

JIM ROSS LAW GROUP, P.C.
2221 E. Lamar Blvd.
Suite 800
Arlington, Texas 76006
Telephone: 817.275.4100
Facsimile: 817.275.4106
Email: litigation@jimrosslaw.com

*Attorney for Plaintiff*
*Sandra Bass*

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Leslie Cisnero on behalf of James Murrell
Bar No. 24097028
lcisnero@jimrosslaw.com
Envelope ID: 47774274
Status as of 11/4/2020 10:04 AM CST

Associated Case Party: ASHFORD CRYSTAL GATEWAY LP

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jacqueline Montejano | | Jackie@MontejanoLaw.com | 11/3/2020 3:04:56 PM | SENT |

Associated Case Party: ASHFORD HOSPITALITY TRUST, INC.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jacqueline Montejano | | Jackie@MontejanoLaw.com | 11/3/2020 3:04:56 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| JAMES MMURRELL | | litigation@jimrosslaw.com | 11/3/2020 3:04:56 PM | SENT |